UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIENNE THOMAS,<br><br>   Plaintiff,<br><br> v.<br><br>PACIFIC GAS AND ELECTRIC COMPANY,<br><br>   Defendant. | Case No. 24-cv-06469-JSW<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AS MOOT MOTION FOR JUDGMENT ON THE PLEADINGS**<br><br>Re: Dkt. Nos. 11, 14 |

Now before the Court for consideration are the motion to remand filed by Plaintiff Adrienne Thomas ("Ms. Thomas") and the motion for judgment on the pleadings filed by Defendant Pacific Gas and Electric Company ("PG&E").

The Court has considered the parties' papers, relevant legal authority, and the record in this case and finds the motions are suitable for disposition without oral argument. *See* N.D. Civ. L.R. 7-1(b). The Court VACATES the hearings scheduled for November 8, 2024, GRANTS Ms. Thomas' motion to remand, and DENIES AS MOOT PG&E's motion for judgment on the pleadings.

**BACKGROUND**

**A. Ms. Thomas' Prior Litigation Against PG&E.**

On January 5, 2022, PG&E terminated Ms. Thomas. On January 5, 2023, she filed a complaint in this Court alleging claims for whistleblower retaliation in violation of the Dodd Frank Act, retaliation in violation of California Labor Code section 1102.5, wrongful termination in violation of public policy, violations of California Business and Professions code section 17200, *et seq.*, breach of a union contract, breach of the implied covenant of good faith and fair dealing, defamation, intentional infliction of emotional distress, and declaratory relief. (*See* 23-cv-65-

JSW, *Thomas v. PG&E*, Dkt. No. 1.)

PG&E moved to dismiss. Instead of filing an opposition, Ms. Thomas belatedly filed a First Amended Complaint, which added a claim for violations of Title VII of the Civil Rights Act. The Court denied PG&E's motion to dismiss without prejudice. PG&E then moved to dismiss the FAC and argued, *inter alia*, that Ms. Thomas' claims were preempted by Section 301 of the Labor Management Relations Act ("LMRA"). The Court granted that motion.

Although the Court determined Ms. Thomas' claims for breach of contract, breach of the implied covenant, and the Labor Code claim were preempted under Section 301, it gave her "one final opportunity" to amend her Title VII claim and some of the state law claims. *See Thomas v. PG&E*, 2023 WL 5749279 (N.D. Cal. Sept. 26, 2023). Ms. Thomas missed the deadline to file an amended complaint, and the Court dismissed the case without prejudice. *See Thomas v. PG&E*, 2023 WL 6614592 (Oct. 5, 2023). Ms. Thomas then moved for an extension of time to file an amended complaint, which the Court construed as a motion to vacate the judgment.

On November 9, 2023, the Court denied the motion to vacate and granted PG&E's motion for entry of judgment. *See Thomas v. PG&E*, 2023 WL 7440255 (Nov. 9, 2023).

**B.     The Current Litigation.**

On April 9, 2024, Ms. Thomas filed a complaint before the California Civil Rights Department alleging that PG&E harassed her, retaliated against her, and wrongfully terminated her. (*See* Dkt. No. 14, Motion to Remand at ECF 20-22.) After receiving a right to sue letter, she filed a complaint in Contra Costa County Superior Court using a form complaint for breach of contract. (*Id.* at ECF 12-19.) Ms. Thomas did not specify the nature of the contract at issue but also stated that her claims included "illegal business practices, based on fraud." (*Id.* at ECF 13.)[1]

On September 13, 2024, PG&E filed a Notice of Removal and asserted the Court had jurisdiction because the breach of contract claim is preempted under Section 301 and that the Court would have supplemental jurisdiction over any other claims asserted. (Dkt. No. 1, Notice of Removal at 1:9-12, 4:6-5:1.)

---

[1]     Ms. Thomas asserts she intends to amend her complaint to include additional state law causes of action. (P's Mot. at 2:24-3:2.) The Court only considers the pleading before it.

2

**ANALYSIS**

Ms. Thomas argues PG&E has not shown removal is proper. Pursuant to 28 U.S.C. section 1441(a), a defendant may remove any civil action brought in a state court to the district court where such action is pending so long as the court to which the case is removed has "original jurisdiction" over the case. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). However, federal courts are courts of limited jurisdiction. *See, e.g., Kokkonen v. Guardian Life Ins. Co. Am.*, 511 U.S. 375, 377 (1994). The party seeking removal has the burden of establishing federal jurisdiction, and the removal statute is strictly construed against removal jurisdiction. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1116-17 (9th Cir. 2004).

A federal court has original jurisdiction where the case concerns an issue of federal law. "The presence or absence of federal-question jurisdiction is governed by the well-pleaded complaint rule, which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987) (internal quotations and citation omitted.) Ms. Thomas correctly argues that "a case may not be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint[.]" *Id.* at 393. "[A]n independent corollary" to the well-pleaded complaint rule is the complete preemption doctrine. *Id.*

PG&E argues the complete preemption doctrine applies here because Ms. Thomas asserts a breach of contract claim. According to PG&E the only contract at issue would be the CBA and claims for breaches of CBA are completely preempted by the LMRA. The Court is not persuaded by PG&E's argument. The Court must examine whether a *well-pleaded* complaint demonstrates a plaintiff is pursuing a federal question. It is true that Ms. Thomas did not incorporate the attachments to her state court complaint by reference into the form complaint. Those exhibits are not lengthy. Therefore, this is not a situation where the Court is required to "sift through" voluminous materials to evaluate the nature of her claims. *Compare Fishman v. Williams*, No. CV 14-4823 MWF(JC), 2016 WL 11484591, at *8 (C.D. Cal. Sept. 21, 2016) (describing plaintiff's allegations as "rambling," "prolix," and "argumentative" and citing to multiple exhibits

3

comprising hundreds of pages). More importantly, Ms. Thomas' complaint is devoid of *any* facts, let alone any facts that suggest she is pursuing a breach of contract claim. To make that inference based on the choice of form complaint she used truly elevates "form" over substance.

The removal statute is strictly construed, and the Court must exercise any doubts about jurisdiction in favor of remand. Because the Court cannot conclude Ms. Thomas is pursuing a claim for breach of the CBA, PG&E has not met its burden to show Ms. Thomas' claims present a federal question. Therefore, the Court GRANTS the motion to remand and DENIES PG&E's motion for judgment on the pleadings as moot and without prejudice to PG&E raising those arguments in state court.

## CONCLUSION

For the foregoing reasons, the Court REMANDS this case to Contra Costa County Superior Court. The Clerk shall close the file.

**IT IS SO ORDERED**.

Dated: October 30, 2024

JEFFREY S. WHITE
United States District Judge

4